UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AUSTIN P. ELKINS, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>*sued as Frank Bisignano, Commissioner* )<br>*of the Social Security Administration,*[1] )<br>)<br>  Defendant. ) | Cause No. 1:23-cv-00141-ALT |

## OPINION AND ORDER

Plaintiff Austin P. Elkins brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (ECF 1). On August 5, 2024, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. (ECF 21).

Elkins' counsel, Forbes Rodman P.C. ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $36,557.75. (ECF 26). Counsel acknowledges that if fees are awarded under § 406(b), Counsel must refund to Elkins the $10,800 in attorney fees Counsel previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.* at 5 n.1). The Commissioner does not support or oppose Counsel's fee request. (ECF 29). For the following reasons, the motion for attorney fees will be GRANTED.

---

[1] Frank Bisignano became the Commissioner of Social Security in May 2025, and thus, pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for his predecessor as the defendant in this suit. *See La-Toya R. v. Bisignano*, No. 1:24-cv-01564-JMS-TAB, 2025 WL 1413807, at n.2 (S.D. Ind. May 15, 2025).

### A. Factual and Procedural Background

On March 21, 2023, Counsel entered into a fee agreement with Elkins for their representation of Elkins in federal court, in which Elkins agreed to pay Counsel 25 percent of any past-due benefits awarded to him. (ECF 26-1).[2]

On April 4, 2023, Elkins filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. (ECF 1). As stated earlier, the Court entered a judgment in Elkins' favor and remanded the case to the Commissioner on August 5, 2024. (ECF 21).

On August 23, 2024, Elkins filed a request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for Counsel's 45.0 hours of legal work, and 2.0 hours of paralegal work, advocating for Elkins' claim in federal court. (ECF 23 at 7; ECF 26 at 5). On September 6, 2024, the Commissioner filed a stipulation to an award of attorney fees under the EAJA awarding Plaintiff $10,800 for attorney and paralegal fees and expenses. (ECF 24). The Court subsequently granted the motion under the EAJA as modified by the stipulation for $10,800. (ECF 25).

On October 14, 2025, the Commissioner sent Elkins a notice of award, stating that he was found disabled as of September 4, 2018, and was entitled to monthly disability benefits beginning March 2019. (ECF 26-5 at 1-2). The Commissioner also informed Elkins that he was entitled to $146,231 in past-due benefits, but that the Commissioner withheld a percentage of that to pay Elkins' representation. (*Id.* at 2, 4).

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

On October 16, 2025, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's approval of an award of $36,557.75in attorney fees for Elkins' representation before this Court. (*See* ECF 26 at 3-5).

### B. Legal Standard

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[3] Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.925(a).[4] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[5] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019).

As to contingent fee agreements, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

benefits. Within [that] boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (citation and footnote omitted). "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

C.  **Legal Analysis**

The Court is charged with determining whether Counsel's requested fee of $36,557.75 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

First, this amount is not in excess of 25 percent of the total past-benefits. The past-benefits awarded is $146,231.00, and 25 percent of $146,231.00 is $36,557.75. Thus, the requested fee of $36,557.75 is not in excess of 25 percent of the past-due benefits.

Counsel contends that the requested fee award of $36,557.75 is reasonable "in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case." (ECF 26 at 4). Counsel obtained a good result for Elkins, as the Commissioner ultimately found him disabled and awarded him disability benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts consider in § 406(b) fee requests the character of the representation and the results the representative achieved). Additionally, Counsel did not request

any extensions of time and thus did not contribute to any delay of the case. *See id.* (considering any extensions requested by the attorney in an effort to assess whether the attorney created an unreasonable delay that would contribute to the attorney's profit from the accumulation of the claimant's past-due benefits); *Lopes v. Saul*, No. 3:17-CV-221-RLM-MGG, 2019 WL 5617044, at *1 (N.D. Ind. Oct. 31, 2019) (considering that "[n]othing in the record suggests [the plaintiff's counsel] or his co-counsel . . . caused any delay in the adjudication of [the plaintiff's] case" when granting a motion for § 406(b) fees).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); see *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Lastly, Counsel's requested fee of $36,557.75 for 47.0 hours of legal work (including 2.0 hours of paralegal work at $120 per hour), equates to an attorney rate of $807.06 per hour.[6] (ECF 26 at 5). While this rate is on the high side of the range of previous awards in this district and the Seventh Circuit, the Court does not find this award unreasonable on the circumstances presented. *See Bradley L. Kijakazi*, No. 1:20-cv-00323-JMS-TAB, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable." (citation omitted)); *see also David v. Saul*, No.

---

[6] (45.0 hours of Counsel's work)($807.06) + (2.0 hours of paralegal work)($120.00) = $36,557.75

1:19-CV-00245 JD, 2021 WL 534755, at *1 (N.D. Ind. Feb. 12, 2021) (finding $870.89 per hour to be reasonable); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $36,557.75 Given that the previously awarded EAJA award of $10,800 is the smaller of the two fees, Counsel must refund the $10,800 in EAJA fees to Elkins, as an EAJA award "offsets" an award under § 406(b). *Gisbrecht*, 535 U.S. at 796; *see also O'Donnell*, 983 F.3d at 953.

### D. Conclusion

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 26) is GRANTED in the amount of $36,557.75. Counsel is reminded of their duty to refund to Elkins the $10,800 in EAJA fees previously awarded to Counsel.

SO ORDERED.

Entered this 2nd day of December 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge